United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Allen Lee Gerald, Petitioner ) | |
| ) | |
| v. ) | Civil Action No. 22-21402-Scola |
| ) | |
| Florida Department of Corrections, ) | |
| Respondent. ) | |

## Order

Before the Court is Petitioner Allan Lee Gerald's amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 5). The Court has considered the amended petition, the government's response (ECF No. 16), the entire record, and is otherwise fully advised. For the reasons explained below, the amended petition is denied.

### Background

The Petitioner, a state prisoner, claims he is being illegally detained by the Florida Department of Corrections because his sentence has expired. (*See* ECF No. 5 at 6–10).[1] He argues that all his sentences were imposed concurrently; and therefore, he only has an overall 30, rather than 40-year prison term, which he alleges he completed. (*See id.*).

### Legal Standards

Under § 2241, a prisoner may bring an action for writ of habeas corpus if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Antonelli v. Warden. U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). A habeas petition filed by a state prisoner who is "in custody pursuant to the judgment of a [s]tate court" is subject to the restrictions contained in § 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1058–60 (11th Cir.

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

2003) (quotation omitted); *see also Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) (finding that a petition was subject to both § 2241 and § 2254 where it attacked a decision of the state parole commission).

Moreover, it is well-settled that claims that are not based on a violation of the United States Constitution are not cognizable under federal habeas corpus review. *See* 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) ("It is established that [a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.") (cleaned up).

Federal habeas corpus review of a state law claim is therefore precluded if no federal constitutional violations are alleged. This limitation remains even if the petitioner couches a claim as a federal violation when it actually involves state law issues. *See Branan* v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) ("Although petitioner alleges violations of federal law, it is clear that this petition is based exclusively on state law issues which are merely couched in terms of equal protection and due process.") (cleaned up).

**Discussion**

The Court agrees with the Respondent that the "Petitioner's claim turns on the application of § 921.16(1), Fla. Stat. to determine whether his sentences are consecutive or concurrent." (ECF No. 15 at 7). The Court concludes that this is a matter of state law, and therefore the Petitioner has failed to raise a federal claim to invoke the Court's jurisdiction. Simply put, deciding the sole claim in the amended petition would require the Court to decide state law issues surrounding the application of § 921.16(1), Fla. Stat. Because that would require reexamination of "state-court determinations on state-law questions", the claim is not cognizable on federal habeas review. *Estelle*, 502 U.S. at 67–68. The amended petition is thus denied.

**Conclusion**

Accordingly, it is **ordered and adjudged** that the amended petition **(ECF No. 5)** is **denied.** The Clerk is directed to **close** the case.

**Done and ordered**, in chambers, in Miami, Florida, on April 24, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Allen Lee Gerald
071818
Everglades Correctional Institution
Inmate Mail/Parcels
1599 SW 187th Avenue
Miami, FL 33194
PRO SE